UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY W. TRIPP, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01457-JPH-MJD |
| | ) |
| STANLEY KNIGHT Warden, | ) |
| AGNES OPUKU N.P., | ) |
| MITCHEFF Dr., Medical Director, | ) |
| RIPPETOE Dr., Mental Health, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DENYING MOTION TO APPOINT COUNSEL**

Plaintiff Tripp's motion for appointment of counsel, filed on May 4, 2020, has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647,

Case 1:19-cv-01457-JPH-MJD   Document 66   Filed 05/11/20   Page 2 of 2 PageID #: 475

654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *Pruitt*, 503 F.3d at 655-56.

In the plaintiff's motion for counsel, he alleges that he has reached out to "several" attorneys. He does not specify how many, when, or the identity of the attorneys. On this basis alone, his motion to appoint counsel, dkt. [60], is **DENIED.**

The plaintiff further alleges that the defendants are taking advantage of their superior education and the plaintiff's prison living conditions. He wants the Court to "even the playing field" by appointing counsel. To date, the plaintiff has demonstrated the ability to file coherent motions and respond appropriately to Court orders. Unfortunately, as noted above, *pro se* prisoners face many obstacles when filing lawsuits, but there are simply not enough volunteer lawyers to appoint in every case. The plaintiff has been granted additional time to respond to the pending motions for summary judgment. Dkt. 65.

**SO ORDERED.**

Date: 5/11/2020

Distribution:

TERRY W. TRIPP, SR.
103679
PLAINFIELD - CF
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

James Patrick Hanlon
United States District Judge
Southern District of Indiana