UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY W. TRIPP, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01457-JPH-MJD |
| | ) |
| STANLEY KNIGHT Warden, | ) |
| AGNES OPUKU N.P., | ) |
| MITCHEFF Dr., Medical Director, | ) |
| RIPPETOE Dr., Mental Health, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DENYING MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

The plaintiff's motion for immediate injunctive relief has been considered. Dkt. 57. In his motion, the plaintiff asks the Court to issue an order to the prison Business Office to stop taking his state pay and applying it to copy costs and postage because he is indigent and needs the funds for hygiene products and for his future re-entry. Dkt. 57.

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). "A party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *Id.* (internal quotation omitted). In addition, a portion of the Prison Litigation Reform Act (PLRA) provides as follows:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice

1

> system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

"This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: [P]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012) (internal quotation omitted).

Defendants Mitcheff, Opoku, and Rippetoe oppose the motion for immediate injunctive relief because they are medical and mental health providers. Dkt. 58. As such, they have no control over charges that are made for copies nor could they carry out any order relating to such administrative functions. The Court agrees.

Defendant Knight opposes the motion for preliminary injunction because the relief sought is not related to the claims asserted in this case. Dkt. 59. The Court also agrees with this point. A request for injunctive relief must be tied to the claims proceeding in this action. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (A court may grant a motion for injunctive relief only if there is a relationship between the injury claimed in the motion and the conduct alleged in the complaint.).

The claims in this action are that the defendants denied the plaintiff certain medications. The issue of whether any prison officials in the Business Office, the Warden or others, have been improperly charging the plaintiff's trust account for copies or postage, is not related to any constitutional claim alleged. This administrative and financial determination regarding copy charges falls outside the authority of the Court and although there may or may not be other

remedies available to the plaintiff, they are not in this action. The plaintiff has failed to prove the elements required to obtain preliminary injunctive relief.

Accordingly, the plaintiff's motion for immediate injunctive relief, dkt. [57], is **DENIED.**

**SO ORDERED.**

Date: 7/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY W. TRIPP, SR.
103679
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel