UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRY W. TRIPP, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01457-JPH-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| AGNES OPUKU, | ) | |
| MITCHEFF, | ) | |
| RIPPETOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
## FILED BY DEFENDANT KNIGHT

For the reasons explained in this Entry, defendant Stanley Knight's motion for summary judgment, dkt. [53], is **granted.**

## I. BACKGROUND

Terry W. Tripp, Sr. is a prisoner confined at all relevant times at the Plainfield Correctional Facility ("Plainfield"). He brings this 42 U.S.C. § 1983 civil rights action against several defendants, alleging that he has been denied certain medications while incarcerated at Plainfield. He alleges that he wrote letters to Warden Knight about these issues, but he refused to help. Dkt. 6 at 2 (Entry Screening Complaint).  Defendant Knight's motion for summary judgment is fully briefed.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable

1

substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Educ., Inc.,* 906 F.3d 621, 628 (7th Cir. 2018). The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

### III. DISCUSSION

#### A.    Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Tripp as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

At all times relevant to the Complaint, Stanley Knight was the Warden at Plainfield. Dkt. 53-1, ¶ 2. Mr. Tripp filed a grievance complaining that he was no longer being prescribed Wellbutrin and Neurontin (Gabapentin). Dkt. 53-1, ¶ 3; dkt. 53-3 at 2. The Grievance Specialist at the facility investigated Mr. Tripp's grievance and then denied it because, according to medical staff, Neurontin is not a recommended treatment for patients with a history of substance abuse and negative exam findings. Dkt. 53-3 at 1. Mr. Tripp has a history of substance abuse. Dkt. 52-2, 42:10-14. Mr. Tripp's exam findings were reported to be negative. Dkt. 53-3 at 3.

Mr. Tripp appealed his grievance denial to Warden Knight and the appeal was denied. Dkt. 53-3 at 4. In addition, Mr. Tripp sent several request forms through the mail telling the Warden "what was going on with medical staff and the treatment," and telling him that Dr. Mitcheff would not answer his letters, but the Warden did not respond. Dkt. 53-2 at 64-65, 67-68. Warden Knight does not recall being informed by Mr. Tripp or any other source after ruling on the appeal that Mr. Tripp was not receiving proper medical treatment.  Dkt. 53-1, ¶¶ 4-5.

Warden Knight had no further involvement in Mr. Tripp's dispute with the medical staff, and he has relied on the medical staff to effectively treat Mr. Tripp. *Id.*, ¶¶ 7, 8, 11. Those medical professionals are employed by Wexford of Indiana, LLC and do not operate under the direction of the Warden. *Id.*, ¶¶ 8- 10.  Warden Knight does not have the power to authorize, mandate, alter, or interfere with a course of treatment. *Id.*, ¶ 11. Warden Knight has never personally interacted with Mr. Tripp nor has he interfered with Tripp's medical  treatment. Dkt. 53-2, 72:2-14; dkt. 53-1, ¶ 11.

### B.      Analysis

Mr. Tripp was a convicted prisoner at all relevant times. This means that the Eighth Amendment applies to his deliberate indifference claim. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019); *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016); *Pittman ex rel. Hamilton v.*

*Cty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011).

"A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014). The "subjective standard requires more than negligence and it approaches intentional wrongdoing." *Holloway v. Del. Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).

Warden Knight argues that he is entitled to summary judgment because he was not involved in Mr. Tripp's medical treatment. The Court agrees. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Moreover, there is no *respondeat superior* liability in § 1983 cases. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Individual liability "may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Id.*

"Non-medical defendants, such as [the Warden], can rely on the expertise of medical personnel." *Arnett*, 658 F.3d at 755. "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.*

Here, the designated evidence does not show that Warden Knight was personally involved in making decisions relating to Mr. Tripp's medical care, and his position as Warden is not sufficient to create liability. *Perez,* 792 F.3d at 781. Moreover, as a non-medical official, Warden Knight was entitled to rely on his belief that medical personnel were making appropriate treatment decisions. *Arnett,* 658 F.3d at 755. For these reasons, Warden Knight is entitled to judgment in his favor.

## IV. CONCLUSION

Warden Knight's motion for summary judgment, dkt. [53], is **granted.** No final judgment shall issue at this time because claims against other defendants remain pending.

**SO ORDERED.**

Date: 3/19/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY W. TRIPP, SR.
103679
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All electronically registered counsel